**ALASKA STATE EMPLOYEES AS-SOCIATION/AFSCME LOCAL 52, AFL–CIO, Appellant,**

v.

**STATE of Alaska and Alaska Public Employees Association, Appellees.**

**No. S–8756.**

Supreme Court of Alaska.

Oct. 15, 1999.

**40.** *See* House Bill (H.B.) 541, 17th Leg., 2d Sess. (Feb. 18, 1992). .

**41.** *See Storrs v. State Med. Bd.,* 664 P.2d 547, 552 (Alaska 1983).

Don Clocksin, Don Clocksin Law Offices, Olympia, Washington, for Appellant.

James A. Gasper, Jermain, Dunnagan & Owens, P.C., Anchorage, for Appellee Alaska Public Employees Association.

David T. Jones, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Appellee State of Alaska.

Before MATTHEWS, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

## OPINION

PER CURIAM.

For the reasons expressed in the appended decision of the superior court,[1] the judgment of the superior court affirming the decision of the Alaska Labor Relations Agency is AFFIRMED.

---

**1.** The Decision on Appeal has been edited in accordance with our technical standards.

APPENDIX

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT ANCHORAGE

ALASKA STATE EMPLOYEES ASSOCIATION/

AFSCME LOCAL 52, AFL–CIO,

Appellant,

vs.

STATE OF ALASKA,

Appellee.

Case No. 3AN–95–9083 CI

DECISION ON APPEAL

## I. *INTRODUCTION*

In 1995 the Alaska Labor Relations Agency (ALRA) reclassified three state positions as supervisory, pursuant to a new regulation that amended the definition of the term "supervisory employee." As a result, the three positions were transferred out of the union that represents non-supervisory state employees, the Alaska State Employees Association (ASEA), to the Alaska Public Employees Association (APEA), which represents supervisors. ASEA appeals the ALRA decision, and challenges the regulation on which it was based. Because this court finds that the ALRA had the explicit statutory authority to adopt a regulation that established collective bargaining units for state employees, and the adoption of 8 AAC 97.990(a)(5) was within the agency's regulatory authority, the ALRA decision is affirmed.

## II. *FACTS*

On April 14, 1995, the Alaska Labor Relations Agency adopted 8 AAC 97.990(a)(5), which provides:

"supervisory employee" means an individual, regardless of job description or title, who has authority to act or to effectively recommend action in the interest of the public employer in any one of the following supervisory functions, if the exercise of that authority is not merely routine but requires the exercise of independent judgment:

(A) employing, including hiring, transferring, laying off, or recalling;

(B) discipline, including suspending, discharging, demoting, or issuing written warnings;

(C) grievance adjudication, including responding to a first level grievance under a collective bargaining agreement[.]

The 1995 amendment added the language that a supervisor is one who has authority to act or to effectively recommend action "in any one of the following supervisory functions"; previously the regulation said only that a supervisor is one who has authority to act or to recommend action "relating to" some twelve listed supervisory functions.

The ALRA, in its decision below, explained that

[t]he current regulation is an attempt at providing a clear test to make [bargaining] unit determinations more predictable and enable the parties to resolve more unit clarification issues themselves.... The regulation is intended to increase the parties' ability to predict the outcome to allow the parties to have a straightforward method to initially determine unit placement as changes in supervisory duties occur. The community of interest that State supervisors share and the potential conflict of interest with non-supervisory employees justify a separate unit for supervisors under AS 23.40.090.

On June 30, 1995, the State filed unit clarification petitions with the ALRA regarding Kellie Litzen, Eric Johnson, and Nathan Johnson, asking the agency to determine whether those employees' positions belonged in the supervisory or the non-supervisory bargaining unit. The ALRA, applying 8 AAC 97.990(a)(5), decided that all three employees belonged in the supervisory unit.

As a result of the ALRA's decision, the positions held by Kellie Litzen, Eric Johnson, and Nathan Johnson were transferred from ASEA to APEA. ASEA objected to this change. ASEA appealed to the Superior Court, and the case was remanded to permit ASEA to present its case to the ALRA; on remand the ALRA upheld its decision, and ASEA now appeals to the Superior Court.

The gist of ASEA's arguments on appeal are: 1) 8 AAC 97.990(a)(5) is invalid; 2) the ALRA erred by considering personal assertions as evidence of an employee's authority, instead of looking to written policy, personnel rules, or job specifications; 3) the agency erred by ignoring the fact that the three employees rarely, if ever, actually exercised supervisory authority; 4) the agency erred by improperly considering employee functions that were not described by the regulation; 5) the agency failed to apply or improperly applied the "community of interest" test; 6) the removal of bargaining unit members while a contract is in effect violates the contract bar doctrine; 7) the agency's findings were against the weight of the evidence; and 8) the agency applied the wrong definition of the term "supervisory employee."

## III. DISCUSSION

### A. Validity of the Regulation

#### 1. Standard of review.

Courts reviewing administrative regulations apply a three-step approach: first, they determine whether the agency has a statutory grant of authority to make regulations; next, they determine whether the regulation is "consistent with and reasonably necessary to carry out the purpose of the statutory provisions conferring rulemaking authority on the agency"; and lastly, they determine whether the regulation is "reasonable and not arbitrary."[1] The party challenging a regulation has the burden of demonstrating that it is invalid.[2]

The validity of an administrative regulation is a question of statutory interpretation for which the reviewing court substitutes its independent judgment for that of the agency.[3]

#### 2. ALRA has a statutory grant of authority to make regulations.

Alaska Statute 23.40.170 provides that "[t]he labor relations agency may adopt regulations under AS 44.62 (Administrative Procedure Act) to carry out the provisions of AS 23.40.070—23.40.260." One of the statutes that the labor relations agency may adopt regulations under is AS 23.40.090, which requires that the ALRA shall decide on appropriate bargaining units for state employees. That statute reads:

The labor relations agency shall decide in each case, in order to assure to employees the fullest freedom in exercising the rights guaranteed by AS 23.40.070—23.40.260, the unit appropriate for the purposes of collective bargaining, based on such factors as community of interest, wages, hours, and other working conditions of the employees involved, the history of collective bargaining, and the desires of the employees.

Alaska Statute 23.40.170 and AS 23.40.090, when read together, give ALRA an explicit grant of authority to make regulations that establish collective bargaining units for state employees.

ASEA does not argue that the ALRA lacked authority to enact regulations, nor do they claim that the ALRA failed to comply with the Administrative Procedure Act when they enacted 8 AAC 97.990(a)(5). Instead, they assert that 8 AAC 97.990(a)(5) is invalid, because it exceeds the ALRA's grant of regulatory authority. This court does not agree. Since there already are separate bargaining units for supervisory and non-supervisory state employees, it is well within ALRA's grant of authority to enact a regulation that clarifies the boundaries of these units.

#### 3. The regulation is consistent with ALRA's rulemaking authority.

ASEA argues that 8 AAC 97.990(a)(5) is invalid because it is inconsistent with AS 23.40.090. Alaska Statute 23.40.090 requires

---

**1.** *State, Dep't of Revenue v. Cosio*, 858 P.2d 621, 624 (Alaska 1993) (quoting *Kelly v. Zamarello*, 486 P.2d 906, 911 (Alaska 1971)).

**2.** *See Kelso v. Rybachek*, 912 P.2d 536, 540 (Alaska 1996).

**3.** *See Anchorage Sch. Dist. v. Hale*, 857 P.2d 1186, 1188 n. 3 (Alaska 1993).

that the ALRA shall decide the appropriate bargaining unit in each case based on several specified factors, one of which is a "community of interest." In essence, ASEA argues that the bright line rule created by 8 AAC 97.990(a)(5) ignores the "community of interest" test required by AS 23.40.090. ASEA argues that employees who have theoretical supervisory power will be treated as supervisors, even though they share a community of interest with the rank and file because they actually spend most of their time on non-supervisory tasks.

This court finds no conflict between the two provisions. Nothing in AS 23.40.090 prohibits the agency from clarifying through regulation what constitutes a community of interest for grouping certain employees together. The ALRA made clear in its discussion that part of the reason for enacting this regulation was because "[t]he community of interest that State supervisors share and the potential conflict of interest with nonsupervisory employees justify a separate unit for supervisors...." By enacting 8 AAC 97.990(a)(5), the ALRA clearly considered the "community of interest" factor, and created a rule that persons who have authority to employ, discipline, or adjudicate grievances share a sufficient community of interest to be included in the supervisory bargaining unit.

ASEA argues that AS 23.40.090 requires the ALRA to decide on a case-by-case basis whether each employee shares a sufficient community of interest with other supervisors in order to be in the supervisory bargaining unit, and that failure to do so violates the statute. However, there is nothing in the statute that requires the agency to go through this weighing process with each employee. This court finds that 8 AAC 97.990(a)(5) is consistent with AS 23.40.090.

4. *The regulation is reasonably necessary.*

 If a challenged regulation is consistent with a statutory purpose, the Supreme Court generally does not require a separate showing that it is reasonably necessary to carry out the purposes of the statute.[4] In reviewing regulations, courts do not substitute their judgment for that of the agency with respect to the efficacy of the regulation, nor do they review the wisdom of a particular regulation.[5] A searching inquiry in this area would mire the court in questions of public policy and advisability of possible alternatives, and would be beyond the court's authority and expertise.[6]

ASEA argues that 8 AAC 97.990(a)(5) is not reasonably necessary to carry out the ALRA's grant of authority. This argument lacks merit. As mentioned above, AS 23.40.090 requires the agency to establish appropriate bargaining units. Under 8 AAC 97.090(a)(1), a bargaining unit is not appropriate if it combines supervisory personnel with non-supervisory personnel. This rule is not disputed here.

Since supervisory and non-supervisory employees must be in separate bargaining units, it is incumbent on the ALRA to establish guidelines for distinguishing these categories. The regulation fills that need, and gives union officials and state executives clear guidance to determine which bargaining unit an employee should belong to. The alternatives to regulation would be to decide who is a supervisor on an ad hoc basis, or to leave the matter unresolved. Neither of these methods would be very efficient, nor would they assist union officials and state executives in making future decisions. This court finds that 8 AAC 97.990(a)(5) is reasonably necessary to carry out the ALRA's grant of authority embodied in AS 23.40.090.

5. *The regulation is reasonable and not arbitrary.*

 "Where an agency interprets its own regulation ... a deferential standard of review properly recognizes that the agency is best able to discern its intent in promulgating the regulation at issue."[7]

4. *See Cosio,* 858 P.2d at 624 n. 1.

5. *See Kelso,* 912 P.2d at 540.

6. *See Cosio,* 858 P.2d at 624 n. 1.

7. *Handley v. State, Dep't of Revenue,* 838 P.2d 1231, 1233 (Alaska 1992) (quoting *Rose v. State, Commercial Fisheries Entry Comm'n,* 647 P.2d 154, 161 (Alaska 1982)).

The ALRA has clearly articulated the rationale for promulgating a regulatory definition of the term "supervisory employee": they intended to prevent conflicts of interest, by placing supervisors in a separate bargaining unit from non-supervisory employees; and they intended to create a bright-line rule to help state and union officials determine which collective bargaining unit an employee should belong to.

ASEA argues that 8 AAC 97.990(a)(5) will cause employees who have theoretical supervisory power to be treated as supervisors even though they actually spend most of their time on non-supervisory tasks. While that may be true, the ALRA found that the mere possession of authority, rather than the exercise of authority, is sufficient to create supervisory status. ASEA's criticism is really a question of policy. Whether it is appropriate to consider employees to be supervisors, even if their supervisory power is not exercised every day, is a matter of administrative expertise.

Accordingly, this court will defer to the ALRA determination that mere possession of authority is sufficient. This court finds that 8 AAC 97.990(a)(5) is valid. Since the regulation is valid, there is no merit to ASEA's argument than the ALRA should apply other definitions of "supervisory employee" than it has used in the past; the new regulation clearly supersedes those old definitions.

### B. Review of the Agency Decision

As noted in *Handley* above, where an agency interprets its own regulations, a deferential standard of review properly recognizes that the agency is best able to discern its own intent in promulgating the regulation at issue.[8] The ALRA's determination of an appropriate bargaining unit pursuant to AS 23.40.090 of PERA is a question involving agency expertise;[9] accordingly the reviewing court defers to the agency's determination as

long as it is supported by the facts and has a reasonable basis in law.[10]

### 1. *Employees are competent to testify about their own authority.*

In the decision below, the ALRA considered evidence from various sources to determine whether the positions held by Kellie Litzen, Eric Johnson, and Nathan Johnson were supervisory or non-supervisory. Among other things, the agency reviewed position description questionnaires that had been filled out by each of the employees, and heard testimony from each employee about their responsibilities and authority in the workplace. In reaching the conclusion that they had supervisory authority, Litzen and the two Johnsons did not consult any policy manual, nor did they refer to any written documents that explicitly outlined their authority; their statements were based on opinion rather than fact. · It appears that the agency relied heavily on these statements when it concluded that Litzen and the two Johnsons were supervisors.

ASEA argues that supervisory authority can only be established through documentation showing that such authority has been formally delegated to the employee through official channels, in accordance with the State Policy and Procedure Manual. The ALRA, on the other hand, found that such authority could be established through testimony or other documentation, including employees' own descriptions of their duties. The ALRA found that actual conferral of authority, rather than the official delegation of it, was important.

There is no requirement that a state employee must have formal documentation of officially delegated responsibility to be a supervisor. In essence, supervisory authority is an issue of agency: the supervisor is an agent with authority to hire, fire, and manage employer-employee relationships on behalf of the State of Alaska. No express contract between principal and agent is re-

8. *See id.*

9. *See State v. Alaska State Employees Ass'n/ AFSCME Local 52*, 923 P.2d 18, 27 (Alaska 1996).

10. *See id.* at 24.

quired to establish an agency relationship.[11] While an agent's declarations out of court are inadmissible to prove his agency, his direct testimony is admissible to prove his authority and the extent thereof.[12]

The regulation provides that " 'supervisory employee' means an individual, regardless of job description or title, who has authority to act or effectively recommend action" in any of the listed supervisory functions. The fact that the regulation explicitly excludes job description and title as indicia of supervisory status indicates that actual authority, rather than some official designation, is paramount. Accordingly, the agency's decision to rely on individual employees' opinions about their own authority was appropriate.

### 2. *Factual findings are reviewed for substantial evidence.*

 In the present case no evidence was offered to contradict the employees' assertions about their authority. As between the parties to the employment relationship (the state and the employees) there was substantial agreement that Litzen and the two Johnsons had supervisory authority. This evidence was sufficient to support a finding that the employees did indeed have such authority.

At most, ASEA was able to show that the employees had some doubts as to the exact boundaries of their authority, and that they could not cite an official channel through which their authority had been delegated. However, this was insufficient to prove that such authority was completely lacking.

 According to statute, a court can reverse an agency's factual findings if they are not supported by the weight of the evidence or substantial evidence in light of the whole record.[13] However, if there is conflicting evidence, the court will view the evidence in favor of the agency's findings, even if the

court might have taken a different view of the facts.[14] When reviewing an agency's factual findings, the court need only note whether substantial evidence exists, the court does not choose between competing inferences nor evaluate the strength of the evidence.[15] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the agency's conclusion.[16]

This court finds that the employees' individual testimony about their supervisory authority is substantial evidence, and sufficient to uphold the ALRA decision.

The fact that this authority was exercised only infrequently is not dispositive. According to the plain language of 8 AAC 97.990(a)(5), a supervisor is an individual who "has authority to act or to effectively recommend action" in any of the listed supervisory functions. There is nothing in the regulation that requires an employee to exercise that authority in order to be a supervisor. Under the regulation, bare possession of authority is enough. Likewise, if ALRA considered other factors, such as training and approving leave, that were unrelated to the definition in 8 AAC 97.990(a)(5), that consideration has no effect here.

### C. *Contract Bar Doctrine*

 ASEA argues that the decision to transfer employees from one bargaining unit to another violates a principle of labor law that changes in a bargaining unit should not be made while a collective bargaining agreement is in effect. However, the facts do not support this argument because there was no collective bargaining agreement in effect at the time that the unit clarification petitions were filed. The collective bargaining agreements covering Litzen and the two Johnsons had expired by 1993, and were being renegotiated when the unit clarification petitions were filed on June 30, 1995.

**11.** See Cote v. A.J. Bayless Markets, Inc., 128 Ariz. 438, 626 P.2d 602, 608 (App.1981).

**12.** See Nygard v. Dickinson, 97 F.2d 53, 57 (9th Cir.1938).

**13.** See AS 44.62.570(c).

**14.** See Estate of Lewis v. State, Commercial Fisheries Entry Comm'n, 892 P.2d 175, 182 (Alaska 1995).

**15.** See Peninsula Correctional Health Care v. State, Dep't of Corrections, 924 P.2d 425, 426 (Alaska 1996).

**16.** See id.

ASEA's argument that the parties entered into an agreement that was made effective retroactively to cover the period in question lacks support as well. The State of Alaska and ASEA executed a letter of agreement that extended the terms of the 1990–1992/93 GGU Agreement, with certain modifications, until a successor agreement was ratified. That letter of agreement states that it is effective July 1, 1995. Nothing in the agreement indicates that it was made effective retroactively.

The policy enunciated in *Edison Sault Electric Co.*,[17] invoked by ASEA, is that entertaining a unit clarification petition during the midterm of a contract that clearly defines the bargaining unit would disrupt the parties' collective-bargaining relationship. That policy has been met here: the petitions were filed by the state at a time when the contract was clearly open to renegotiation; thus the stability of the collective bargaining relationship was not jeopardized.

## IV. *CONCLUSION*

By enacting 8 AAC 97.990(a)(5), the Alaska Labor Relations Agency sought to clarify the boundaries of the collective bargaining units for supervisory and non-supervisory state employees. The Agency had statutory authority to enact this regulation, and the regulation is appropriate to carry out the requirements of the enabling statutes. The specific question of where to draw the line between supervisors and non-supervisors is properly treated as a matter of agency expertise.

For the reasons stated above, IT IS HEREBY ORDERED THAT Decision and Order No. 219 of the Alaska Labor Relations Agency is AFFIRMED.

DATED at Anchorage, Alaska this 7th day of June, 1998.

RENE J. GONZALEZ
SUPERIOR COURT JUDGE

---

17. 313 N.L.R.B. 753, 1994 WL 68425 (1994).